UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TAMMY HURT, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:19-cv-1957 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| THE KROGER CO., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Kroger Limited Partnership I (incorrectly named as "The Kroger Co." in Plaintiff's Complaint for Damages and Request for Jury Trial), by counsel, for its Notice of Removal, states the following:

1. On March 8, 2019, the Plaintiff filed her Complaint for Damages and Request for Jury Trial against Defendant Kroger Limited Partnership I (incorrectly named as "The Kroger Co.") in the Marion County (Indiana) Superior Court No. 4 under Cause No. 49D04-1903-CT-009549, seeking to recover damages allegedly suffered as a result of Defendant's negligence which allegedly occurred on or about July 24, 2017.

2. On March 12, 2019, the Defendant received a file-marked copy of Plaintiff's Complaint for Damages and Request for Jury Trial and Summons, from Corporation Service Company (CSC), Defendant's registered agent for service of process, CSC having received the Complaint and Summons by Certified Mail.

3. Defendant Kroger Limited Partnership I is an Ohio limited partnership with its principle place of business in the State of Ohio. Defendant Kroger Limited Partnership I's sole general partner is KRGP, Inc., which is incorporated and has its principal place of business in the

State of Ohio.  Defendant Kroger Limited Partnership I's sole limited partner is The Kroger Co. which also is incorporated and has its principal place of business in Ohio.  The Kroger Co. has no parent corporation and no publicly held corporation owns 10% or more of its stock.

4.  While the Plaintiff's Complaint for Damages and Request for Jury Trial does not make any representations regarding the Plaintiff's 'state citizenship,' on, Thursday, March 28, 2019, the undersigned spoke by telephone with the Plaintiff's counsel who verified that the Plaintiff is in fact a citizen of the State of Indiana, i.e., that she (Plaintiff) is a resident of the State of Indiana whose present intent to remain in the State of Indiana indefinitely.

5.  The Defendant certifies that to the best of its information and belief, the amount in controversy in the present case exceeds $75,000.00, exclusive of interest and costs.  Plaintiff alleges in her Complaint for Damages and Request for Jury Trial that on or about July 24, 2017, she (Plaintiff Tammy Hurt) was present as a guest or invitee at the Defendant's store located at 5911 Madison Avenue, Indianapolis, Indiana and was walking toward the produce section when "she slipped on fruit that had fallen onto the floor and had split open which caused the Plaintiff to fall with her shopping cart f[a]ll[ing] on top of her[,] all of which caused significant injury to Plaintiff." ***Complaint for Damages and Request for Jury Trial***, pp. 1-2, ¶¶ 4-6.  Plaintiff further alleges that she "sustained serious injuries and was required to engage in the medical care and treatment of doctors, hospitals, nursing homes, therapists and x-ray technicians; thereby incurring medical expenses" and also incurring a "significant wage loss." ***Id.*** at pp. 2-3, ¶¶ 9-10.

6.  During the above referenced March 28, 2019 telephone conference, the Plaintiff's counsel indicated that she would email the undersigned counsel regarding the amount in controversy.  Thereafter, on April 17, 2019, the undersigned contacted the Plaintiff's counsel to note that he had not yet received an email from the Plaintiff's counsel regarding the amount in

controversy in the present case. At that time the Plaintiff's counsel stated that she could not stipulate that she would not seek or accept in excess of $75,000 (exclusive of interest and costs) and that she would forward an email to the undersigned regarding the amount in controversy. On the same date (April 17, 2019) the undersigned received an email from the Plaintiff's counsel stating that:

> at this time, without most of the medical bills in yet, I do believe that [Plaintiff's] medical bills will exceed $75,000.00  [The Plaintiff] advised me yesterday that she is considering a spinal cord stimulator and has an appointment with a pain management doctor this week.  If [Plaintiff] has the SCS implanted then that alone exceeds the 75k.  I will have a better picture when [Plaintiff] makes a decision on the SCS and we receive the remainder of the medical bills.

7.      While the Plaintiff's Complaint for Damages and Request for Jury Trial is silent with regard to the amount in controversy and the Defendant was initially informed that Plaintiff's medical expenses were unknown to Plaintiff's counsel, this notice of removal is being filed within thirty (30) days after receipt by the Defendant of Plaintiff's counsel's April 17, 2019 written notification (via email) that the Plaintiff's medical expenses are as indicated above (and counsel's oral notification that she cannot stipulate that she will not seek nor accept in excess of $75,000 (exclusive of interest and costs)), which written notification constitutes an "other paper from which it may first be ascertained that this case is one which is or has become removable." See 28 U.S.C. 1446(b)(3) and (c)(3)(A) [as revised pursuant to the Federal Courts Jurisdiction and Venue Act of 2011], and F.R.C.P. Rules 81(c) and 6(e).

8.      Furthermore, this action does not arise under the worker's compensation laws of any state; is not brought against a common carrier or railroad or the receivers or trustees; does not arise under 45 U.S.C. §§ 51-60; and therefore, this cause is removable to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 (a).

9. Copies of all process, pleadings and orders served upon this Defendant and filed in the state court action are attached hereto, specifically the Summons, Plaintiff's counsel's Appearance, Plaintiff's Complaint for Damages and Request for Jury Trial, Notice of Service of Process, Defendant's counsel's Appearance, Defendant's Answer to Plaintiff's Complaint for Damages, and the Defendant's Notice of Removal to Adverse Party and State Court Clerk.

10. Written notice of the removal of the above-captioned cases was given on May 16, 2019 to all adverse parties.

11. Contemporaneously herewith, written notice is being provided to the Clerk of the Marion County Courts that this Notice of Removal is being filed with this Court.

WHEREFORE, Defendant Kroger Limited Partnership I files this Notice of Removal so that the entire state court action under Cause No. 49D04-1903-CT-009549, now pending in the Marion County Superior Court No. 4, shall be removed to this Court for all further proceedings.

    Respectfully submitted.

    By: /s/ Donald B. Kite, Sr.
       Donald B. Kite, Sr., #11601-41
       Attorney for Kroger Limited
       Partnership I

## CERTIFICATE OF SERVICE

I hereby certify that on 16th day of May, 2019, a true and correct copy of this document was filed electronically. Notice of this filing will be sent to the following by operation of the Court's CM/ECF system.

Marcia J. Cossell, Esq.
LEE COSSELL & CROWLEY, LLP.
151 N. Delaware Street, Suite 1500
Indianapolis, IN 46204

    /s/ Donald B. Kite, Sr.

ATTORNEY AT LAW
8082 Stafford Lane
Indianapolis, IN 46260