Case 1:19-cv-01957-TWP-MJD  Document 1-2  Filed 09/16/19  Page 1 of 18 PageID #: 8

49D04-1903-CT-009549

Filed: 3/7/2019 3:42 PM
Clerk

Marion Superior Court, Civil Division 4

Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. |
| COUNTY OF MARION | ) | CAUSE NO.: |

TAMMY HURT,                          )
                                     )
    Plaintiff,                   )
                                     )
    v.                           )
                                     )
THE KROGER CO.,                      )
                                     )
    Defendant.                   )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification**:    Initiating

1.     The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

    TAMMY HURT

2.     Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | | |
|---|---|---|
| Name: | **Marcia J. Cossell** | Atty Number: **16012-29** |
| Address: | **LEE COSSELL & CROWLEY, LLP** | Phone: **(317) 631-5151** |
| | **151 N. Delaware St., Ste 1500** | Fax:    **(317) 682-6477** |
| | **Indianapolis, Indiana 46204** | Email: **mcossell@nleelaw.com** |

3.     There are other party members:    No

4.     If first initiating party filing this case, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): CT

5.     I will accept service by FAX at the above number: No

6.     This case involves support issues:     No

7.     There are related cases:      No

8.     This form has been served on all other parties, Certificate of Service is attached:

9.     Additional information required by local rules:

_____

_____

DATED: 3/6/19                          *Marcia Cossell*

                                       Marcia J. Cossell, Esq., (16012-29)
                                       Attorney for Plaintiff

Marcia J. Cossell, Esq.
Attorney Number: 16012-29
LEE COSSELL & CROWLEY, LLP
151 N. Delaware Street, Suite 1500
Indianapolis, IN 46204
(317) 631-5151 Phone
(317) 682-6477 Facsimile
mcossell@nleelaw.com

Filed: 3/8/2019 12:07 PM
Clerk
Marion County, Indiana

| STATE OF INDIANA | ) | | IN THE MARION SUPERIOR COURT |
|---|---|---|---|
| | ) SS: | | CIVIL DIVISION, ROOM NO. |
| COUNTY OF MARION | ) | | CAUSE NO.: 49D04-1903-CT-009549 |

TAMMY HURT,                    )
                               )
    Plaintiff,                 )
                               )
    vs.                        )
THE KROGER CO.,                )
                               )
    Defendant.                 )

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes now the Plaintiff, TAMMY HURT, by counsel, Marcia J. Cossell, and for a cause of action against the Defendant The Kroger Co., alleges and states:

1. Plaintiff, TAMMY HURT, (hereinafter "Plaintiff"), at all times relevant and material to this action, resided in Indianapolis, Marion County, State of Indiana.

2. Defendant, The Kroger Co., (hereinafter "Defendant"), at all times relevant and material to this action, was a foreign for-profit corporation maintaining a registered agent and conducting business for the purpose of selling food and household items in the City of Indianapolis, Marion County, State of Indiana.

3. Upon information and belief, at all times relevant and material to this action, Defendant owned and/or operated the property located at 5911 Madison Avenue, Indianapolis, Marion County, State of Indiana, 46227 (hereinafter "Premises").

4. On July 24, 2017, at approximately 6:06 p.m., Plaintiff was present as a guest or invitee at Defendant's location of 5911 Madison Avenue, Indianapolis, Marion County, State of Indiana, 46227.

5. At the time and place above, Plaintiff was walking toward the produce section of

Defendant's premises.

6.  While Plaintiff was walking, she slipped on fruit that had fallen onto the floor and had split open which caused the Plaintiff to fall with her shopping cart fell on top of her all of which caused significant injury to Plaintiff.

7.  Defendant knew or should have known of the risk of danger of the slippery floor to the Plaintiff but failed to take proper precautions to guard its invitees against injury from the risk.

8.  At said place and time, the Defendant breached the applicable duty of care and was careless and negligent in one or more of the following ways:

    a.  Defendant maintained the Premises in an inherently dangerous condition;

    b.  Defendant failed to train and supervise the employee or agent properly which allowed the injury to Plaintiff to occur;

    c.  Defendant failed to clean the area or place a "caution" sign or a "wet floor sign" which allowed the injury to the Plaintiff to occur.

    d.  Defendant failed to create and exercise proper, safe procedures for cleaning spilled products while guests and/or invitees are present;

    e.  Defendant failed to warn Plaintiff and others of the danger at the Premises;

    f.  Defendant was otherwise careless or negligent which caused the injury involving Plaintiff.

9.  As a result of the fall, Plaintiff sustained serious injuries and was required to engage in the medical care and treatment of doctors, hospitals, nursing homes, therapists and x-ray technicians, thereby incurring medical expenses.

10. As a result of the fall, Plaintiff sustained serious injuries and as a result of the fall Plaintiff

was required to remain off work causing Plaintiff to incur significant wage loss.

11. Due to the negligence and carelessness of the Defendant, as aforesaid, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, by Counsel, hereby respectfully requests that the Court enter an Order of judgment for the Plaintiff and against Defendant, award monetary damages in an amount commensurate with her damages, costs of this action, prejudgment interest, post-judgment interest and for all other relief just and proper in the premises.

Respectfully submitted,

Marcia J. Cossell, Esq., (16012-29)
Attorney for Plaintiff

Marcia J. Cossell, Esq.
Attorney No. 16012-29
LEE COSSELL & CROWLEY, LLP
151 N. Delaware Street, Suite 1500
Indianapolis, IN 46204
(317) 631-5151 Phone
(317) 682-6477 Facsimile
mcossell@nleelaw.com

Case 1:19-cv-01957-TWP-MJD   Document 1-2   Filed 05/16/19   Page 6 of 18 PageID #: 13

Filed: 3/7/2019 3:42 PM
Clerk
Marion County, Indiana

Marion Superior Court, Civil Division 4

49D04-1903-CT-009549

## SUMMONS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO: |
| COUNTY OF MARION | ) | CAUSE NO: |

TAMMY HURT,       )
                 )
    Plaintiff,     )
                 )
v.                  )
                 )
THE KROGER CO.,    )
                 )
    Defendant.   )

TO DEFENDANT:  (Name)     THE KROGER CO
                        c/o Corporation Service Company
            (Address)   135 North Pennsylvania Street, Suite 1610
                        Indianapolis, IN 46204

     You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

     The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

     An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

     If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

     If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950)

Dated  3/8/2019

                         *Myla A. Eldridge*
                         Clerk, Marion County Superior Court

**(The following manner of service of summons is hereby designated.)**

X     Registered or certified mail.

     Service at place of employment, to-wit: _____

     Service on individual -- (Personal or copy) at above address.

     Service on agent.  (Specify) Certified Mail to registered agent.

     Other service.  (Specify) _____

*(Seal)*
MARION COUNTY COURTS
SEAL
INDIANA

Marcia J. Cossell, Esq., (16012-29)
**Attorney for Plaintiff**
LEE COSSELL & CROWLEY, LLP
151 N. Delaware Street, Suite 1500
Indianapolis, IN 46204
(317) 631-5151 Phone
(317) 682-6477 Facsimile
mcossell@nleelaw.com

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO: |
| COUNTY OF MARION | ) | CAUSE NO: |

TAMMY HURT, )
       )
      Plaintiff, )
       )
v. )
       )
THE KROGER CO., )
       )
      Defendant. )

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20____ ;

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant,

(2) By leaving a copy of the Summons and a copy of the complaint at _____

which is the dwelling place or usual place of abode of _____
and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks:

Sheriff' s Costs                   Sheriff _____

                                   By: _____
                                         Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20_____, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                   Clerk, _____ Court

Dated:                          By: _____
                                         Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 20____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 20_____.

                                   Clerk, _____ Court

                         By: _____
                                       Deputy

Filed: 3/18/2019 4:29 PM
Clerk
Marion County, Indiana

## IN THE MARION SUPERIOR COURT NO. 4

TAMMY HURT,                           )
                                      )
    Plaintiff,                   )        CAUSE NO. 49D04-1903-CT-009549
                                      )
    v.                           )
                                      )
THE KROGER CO.,                       )
                                      )
    Defendant.                   )

## APPEARANCE FORM

**Party Classification:**   Initiating ☐   Responding ☒   Intervening ☐

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): <u>Defendants Kroger Limited Partnership I (incorrectly named as "The Kroger Co." in Plaintiff's Complaint for Damages and Request for Jury Trial")</u>

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

    Name:   Donald B. Kite, Sr., #11601-41      Phone: 317.697.5046
    Address: ATTORNEY AT LAW            Fax:
           8082 Stafford Lane           Email: don.kite@gmail.com
           Indianapolis, IN 46260

3. There are other party members: Yes____ No __X__ *(If yes, list on continuation page.)*

4. *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): _____

5. I will accept service by FAX at the above noted number: Yes ____ No __X____

6. This case involves support issues: Yes ____ No __X_____

7. There are related cases: Yes ____ No _____X_____ *(If yes, list on continuation page.)*

8. This form has been served on all other parties and Certificate of Service is attached: Yes ☒ No ☐

Respectfully submitted,

/s/ Donald B. Kite, Sr.
Donald B. Kite, Sr., #11601-41
Attorney for Defendants Kroger
Limited Partnership I

## CERTIFICATE OF SERVICE

I certify that on March 18, 2019, I electronically filed the foregoing document using the

Indiana E-Filing System (IEFS).  I also certify that on March 18, 2019, the foregoing document

was served upon the following persons by IEFS:

Marcia J. Cossell, Esq.
LEE COSSELL & CROWLEY, LLP.
151 N. Delaware Street, Suite 1500
Indianapolis, IN 46204

/s/ Donald B. Kite, Sr.

ATTORNEY AT LAW
8082 Stafford Lane
Indianapolis, IN 46260

2

Filed: 3/18/2019 4:38 PM
Clerk
Marion County, Indiana

## IN THE MARION SUPERIOR COURT NO. 4

TAMMY HURT,                            )
                                       )
     Plaintiff,                    )     CAUSE NO. 49D04-1903-CT-009549
                                       )
     v.                            )
                                       )
THE KROGER CO.,                        )
                                       )
     Defendant.                    )

### DEFENDANT KROGER LIMITED PARTNERSHIP I'S
### REQUEST FOR PRODUCTION TO THE PLAINTIFF

Defendant Kroger Limited Partnership I (incorrectly named as "The Kroger Co." in Plaintiff's Complaint for Damages and Request for Jury Trial), by counsel and pursuant to Indiana Trial Rule 34, propounds the following Request for Production to the Plaintiff, to be responded to within thirty (30) days from the date of service.

1.     Income tax returns and W-2 forms for the five (5) years immediately preceding the occurrence which is the subject of this lawsuit.

2.     Income tax returns and W-2 forms since the date of the occurrence which is the subject of this lawsuit.

3.     All written reports and records of physical and mental condition or treatment made by any medical practitioner or health care provider, at any time, concerning treatment provided following the events described in the Plaintiff s Complaint for Damages and Request for Jury Trial as well as which relate to the Plaintiff's alleged injuries and damages and the condition(s) and/or injuries described in Plaintiff's Complaint for Damages and Request for Jury Trial (inclusive of records relating to all prescriptions).

4.     All statements, bills and billing or payment records for medical services rendered which are alleged to have been necessitated by the occurrence which is the subject of this lawsuit (inclusive of write-offs, adjustments and payments).

5.     All statements, bills and billing or payment records for medication which it is alleged were necessitated by the condition(s) and/or injuries described in Plaintiff's Complaint for Damages and Request for Jury Trial (inclusive of write-offs, adjustments and payments).

6.     All statements made by the Defendant Kroger Limited Partnership I's representatives, said representatives' employees or their agents.

7.     All written reports of physical or mental condition made by any medical practitioner or health care provider concerning any condition or injury prior to the condition or injuries complained of in the Plaintiff's Complaint for Damages and Request for Jury Trial.

8.     All photographs or videotapes of the area involved in the alleged occurrence, all photographs or videotapes of the injuries referred to in the Plaintiff's Complaint for Damages and Request for Jury Trial, and all other photographs or videotapes which you intend to use at trial.

9.     All documents referred to or relied upon by the Plaintiff in responding to Defendant Kroger Limited Partnership I's Interrogatories.

10.     The shoes or footwear Plaintiff Tammy Hurt was wearing on the date and at the time of the alleged occurrence.

Respectfully submitted,

/s/Donald B. Kite, Sr._____
Donald B. Kite, Sr., #11601-41
Attorney for Defendant
Kroger Limited Partnership I

## **CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing upon the following person/counsel of record, by placing the same in the United States Mail, postage prepaid, this 18th day of March, 2019:

Marcia J. Cossell, Esq.
LEE COSSELL & CROWLEY, LLP.
151 N. Delaware Street, Suite 1500
Indianapolis, IN 46204

/s/Donald B. Kite, Sr._____

ATTORNEY AT LAW
8082 Stafford Lane
Indianapolis, IN 46260

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Kroger Co
c/o Corporation Service Company
135 N Pennsylvania Ste 1610
Indianapolis, IN 46204

9590 9402 2995 7094 6480 03

2. Article Number (Transfer from service label)

7015 1660 0000 1279 0139

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  Mary Cole   ☐ Agent
                ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                  3-12-19

CIRCLE CITY STATION

MAR 12 2019

INDIANAPOLIS, IN 46204 9498

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt



USPS TRACKING #

9590 9402 2995 7094 6480 03

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**Marion County Clerk**
**200 E Washington Ste W122**
**Indianapolis IN 46204**

49D04 - 1903 - CT - 009549

Filed: 3/27/2019 10:40 PM
Clerk
Marion County, Indiana

## IN THE MARION SUPERIOR COURT NO. 4

TAMMY HURT,                              )
                                        )
    Plaintiff,                          )    CAUSE NO. 49D04-1903-CT-009549
                                        )
    v.                                  )
                                        )
THE KROGER CO.,                         )
                                        )
    Defendant.                          )

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
### FOR DAMAGES AND REQUEST FOR JURY TRIAL

Defendant Kroger Limited Partnership I (incorrectly named as "The Kroger Co." in Plaintiff's Complaint for Damages and Request for Jury Trial"), by counsel, for its Answer to Plaintiff's Complaint for Damages and Request for Jury Trial, states:

1.    Defendant Kroger Limited Partnership I is without sufficient knowledge or information to form a belief as to the truth of the allegations which are contained in rhetorical paragraph 1 of Plaintiff's Complaint for Damages and Request for Jury Trial.

2.    Defendant Kroger Limited Partnership I is without sufficient knowledge or information to form a belief as to the truth of the allegation that Kroger is a "foreign" corporation but admits the truth of the remaining allegations contained in rhetorical paragraph 2 of Plaintiff's Complaint for Damages and Request for Jury Trial with respect to Defendant Kroger Limited Partnership I.

3.    While Defendant Kroger Limited Partnership I is without sufficient knowledge or information to form a belief as to the truth of what is known to Plaintiff or her counsel "[u]pon information and belief[,]" Defendant admits that it owned and/or operated the property located at 5911 Madison Avenue, Indianapolis, Marion County State of Indiana, 46227 (hereinafter "Premises").

4.     Defendant Kroger Limited Partnership I is without sufficient knowledge or information to form a belief as to the truth of the allegation that the Plaintiff was "a guest or invitee" but admits the truth of the remaining allegations which are contained in rhetorical paragraph 4 of Plaintiff's Complaint for Damages and Request for Jury Trial.

5.     Defendant Kroger Limited Partnership I is without sufficient knowledge or information to form a belief as to the truth of the allegations which are contained in rhetorical paragraph 5 of Plaintiff's Complaint for Damages and Request for Jury Trial.

6.     Defendant Kroger Limited Partnership I admits that the Plaintiff was present at the store and that she reported falling but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations which are contained in rhetorical paragraph 6 of Plaintiff's Complaint for Damages and Request for Jury Trial.

7.     Defendant Kroger Limited Partnership I denies the truth of the allegations which are contained in rhetorical paragraph 7 of Plaintiff's Complaint for Damages and Request for Jury Trial.

8.     Defendant Kroger Limited Partnership I denies the truth of the allegations which are contained in rhetorical paragraph 8 of Plaintiff's Complaint for Damages and Request for Jury Trial.

9.     Defendant Kroger Limited Partnership I is without sufficient knowledge or information to form a belief as to the truth of the allegations which are contained in rhetorical paragraph 9 of Plaintiff's Complaint for Damages and Request for Jury Trial.

10.     Defendant Kroger Limited Partnership I is without sufficient knowledge or information to form a belief as to the truth of the allegations which are contained in rhetorical paragraph 10 of Plaintiff's Complaint for Damages and Request for Jury Trial.

11. Defendant Kroger Limited Partnership I denies the truth of the allegations which are contained in rhetorical paragraph 11 of Plaintiff's Complaint for Damages and Request for Jury Trial.

## AFFIRMATIVE DEFENSES

Subject to further discovery. Defendant Kroger Limited Partnership I asserts the following affirmative defenses:

1. The Plaintiff's damages, if any, should be barred or reduced as a result of Plaintiff Tammy Hurt's comparative fault.

2. To the extent that the Plaintiff receives or has received payments for her alleged injuries and damages, any such payments constitute satisfaction and must be set-off against any recoveries made in this litigation against Defendant Kroger Limited Partnership I.

3. The Plaintiff has failed to mitigate her damages.

4. The Plaintiff's damages, if any, should be barred or reduced with respect to Defendant Kroger Limited Partnership I inasmuch as said damages are attributable, in whole or in part, to the negligence of a non-party whose identity is presently unknown.

WHEREFORE, Defendant Kroger Limited Partnership I prays for judgment in its favor, for its costs incurred in defending this action, and for all other appropriate relief.

Respectfully submitted,

/s/ Donald B. Kite, Sr.
Donald B. Kite, Sr., #11601-41
Attorney for Defendant
Kroger Limited Partnership I

3

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 27, 2019, I electronically filed the foregoing document using the

Indiana E-Filing System (IEFS).  I also certify that on March 27, 2019, the foregoing document

was served upon the following persons by IEFS:

Marcia J. Cossell, Esq.
LEE COSSELL & CROWLEY, LLP.
151 N. Delaware Street, Suite 1500
Indianapolis, IN 46204


/s/ Donald B. Kite, Sr.


ATTORNEY AT LAW
8082 Stafford Lane
Indianapolis, IN 46260

4